IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MOTORISTS COMMERCIAL MUTUAL INSURANCE COMPANY<br>471 East Broad Street<br>Columbus, Ohio 43215-3861 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| | ) | **COMPLAINT OF PLAINTIFF** |
| Plaintiff, | ) | **MOTORISTS COMMERCIAL** |
| | ) | **MUTUAL INSURANCE COMPANY** |
| v. | ) | **FOR DECLARATORY JUDGMENT** |
| | ) | |
| ALL QUALITY, LLC<br>1366 Limestone Rd.<br>Charleston, WV 25312 | ) ) ) ) | |
| and | ) ) | |
| GRANGER CONSTRUCTION COMPANY<br>6267 N. Aurelius Rd.<br>Lansing, MI 48911 | ) ) ) ) | |
| and | ) ) | |
| HARCO NATIONAL INSURANCE COMPANY<br>One Newark Center, 20th Floor<br>Newark, NJ 07102 | ) ) ) ) | |
| Defendants | ) ) ) ) | |

Now comes Plaintiff Motorists Commercial Mutual Insurance Company (hereinafter "Motorists") and, pursuant to Federal Civil Rule 57 and 28 U.S.C. Section 2201(a), hereby asserts its Complaint for Declaratory Judgment against Defendants All Quality, LLC (hereinafter "All Quality"), Granger Construction Company (hereinafter "Granger"), and Harco National Insurance Company (hereinafter "Harco") as follows:

## GENERAL STATEMENT OF FACTS

**A.    The Parties.**

1.    Motorists is an insurance company licensed and authorized to issue insurance policies in the State of Ohio, and its principal place of business is located at 471 East Broad Street, Columbus, Ohio 43215-3861.

2.    All Quality is a West Virginia limited liability company with its principal place of business located in Charleston, West Virginia, and which regularly engages in business in the State of Ohio.

3.    Granger is a Michigan corporation with its principal place of business located in Lansing, Michigan, and which is registered in and regularly engages in business in the State of Ohio.

4.    Harco is a surety organized under the laws of Illinois with its principal place of business in Newark, New Jersey, and Harco does business in the State of Ohio.

**B.    The Underlying Litigation.**

7.    On December 30, 2021, Granger filed a Complaint against All Quality in Case No. 3:21-cv-02432-JZ in the United States District Court, Northern District of Ohio, Western Division (hereinafter the "Litigation"), and a true and accurate copy of the Complaint filed in the Litigation is attached hereto as Exhibit A.

8.    Subsequently, Granger filed a Second Amended Complaint in the Litigation against All Quality and a new-party defendant, Harco.  A true and accurate copy of the Second Amended Complaint filed in the Litigation is attached hereto as Exhibit B.

9.    In the Second Amended Complaint, Granger alleged that it entered into a "Prime Contract" with the Ohio Department of Rehabilitation and Correction, as the owner, and the Ohio

Facilities Construction Commission, as the contracting authority, for Granger to act as the construction manager for the construction of a project known as the STW Population Management Fence Phase 3 (hereinafter the "Project"); that the Project entailed construction at five correctional institutes in Ohio; that Granger entered into a subcontract with All Quality to provide all labor, material, and equipment for the Project; that Harco issue a performance bond on the Project; that All Quality performed defective work at one construction site and failed to cure or correct the alleged defective work; that All Quality caused delays in the work and/or failed to complete the work; and that Granger ultimately terminated All Quality for several reasons including but not limited to the alleged non-conforming work and the failure to adhere to the terms of the subcontract between Granger and All Quality.

10.     In the Second Amended Complaint, Granger set forth the following causes of actions:  Count I – Breach of Contract (All Quality); Count II -Breach of Warranties (All Quality); Count III – Indemnification (All Quality);  Count IV – Unjust Enrichment (All Quality), and Breach of Bond Obligations (Harco).

11.     In the Second Amended Complaint, Granger seeks to recover compensatory damages against All Quality, in addition to an award of attorney fees and costs.

12.     On June 27, 2022, All Quality filed an Answer to the Second Amended Complaint denying all allegations and causes of actions contained therein and asserting amended counterclaims against Granger.

**C.      The Policies.**

13.     Motorists issued a Commercial Package Policy, No. 5000119041, to All Quality, LLC, as the named insured, with a policy period of May 1, 2021, to May 1, 2022 (hereinafter the

"Policy"), which policy includes a Commercial General Liability Coverage Form (hereinafter the "CGL").  A true, genuine and accurate copy of the CGL is attached hereto as Exhibit C.

14.     Motorists also issued a Commercial Liability Umbrella Coverage Form, No. 5000119070, to All Quality, LLC, as the named insured, with a policy period of May 1, 2021, to April 12, 2022 (hereinafter the "Umbrella"), which coverage form provides liability coverage according to the terms, conditions, provisions and exclusions contained therein. A true, genuine and accurate copy of the Umbrella is attached hereto as Exhibit D.

15.     After the filing of the Complaint in the Litigation, All Quality requested a defense and coverage from Motorists under the Policy and/or the Umbrella for the claims asserted by Granger in the Litigation, but Motorists declined due to a lack of coverage.

16.     After the filing of the Second Amended Complaint, All Quality reiterated its request for a defense from Motorists based on some new allegations, and Motorists has provided, and continues to provide, a defense to All Quality in the Litigation subject to a reservation of rights.

17.     Based upon the allegations in the Second Amended Complaint, the known facts, the provisions in the CGL and Umbrella, and Ohio law, Motorists has determined that All Quality is not entitled to liability coverage and/or a defense under the CGL or the Umbrella for the claims asserted by Granger against All Quality.

18.     Based on the foregoing, Motorists has filed this declaratory judgment action so that the Court may determine and declare the rights, obligations and duties of the parties, if any, under the Policy and the Umbrella issued by Motorists to All Quality with respect to the claims for damages of Granger as set forth in the Second Amended Complaint.

D.      **Venue and Jurisdiction**

19.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §l332(a) because there is diversity between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

20.      This Court is authorized to issue declaratory relief pursuant to 28 U.S.C. §2201(a).

21.      Venue is proper in this District pursuant to 28 U.S. Code § 1391(b) because all parties conduct business in Ohio and the subject insurance coverage dispute relates to a construction project located, in part, in Toledo, Lucas County, Ohio.

**<u>FIRST CLAIM – CGL Insuring Agreement</u>**

22.      Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

23.      The Commercial General Liability Coverage Form, Endorsement CG 00 01 04 13 ("CGL"), in the Policy provides liability coverage for insureds under certain circumstances as set forth in the terms, conditions and provisions in the Policy, but subject to all applicable exclusions.

24.      The CGL provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

    **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

    **b.**      This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";…

See CGL, page 1 of 16.

25. The "Definitions" section of the CGL defines "property damage" as follows:

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

.    .    .

See CGL, Definitions, paragraph 17, page 15 of 16.

26. The "Definitions" section of the CGL also defines "occurrence" as follows:

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

See CGL, Definitions, paragraph 13, page 15 of 16.

27. The claims asserted by Granger in the Litigation against All Quality do not arise out of "property damage" caused by an "occurrence," which must be accidental in nature, as required by the insuring agreement in the CGL for liability coverage to be afforded.

28. As a result thereof, Motorists does not have a legal or contractual obligation, as a matter of law, under Section I, Coverage A of the CGL to provide coverage and/or a defense to All Quality for those claims asserted by Granger in the Litigation.

## SECOND CLAIM – CGL Exclusion 2(a.)

29. Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

6

30.     The liability coverage provided by Section I, Coverage A of the CGL in the Policy is subject to the following exclusion:

**SECTION I – COVERAGES**

    **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **2.**    **Exclusions**

    This insurance does not apply to:

        **a.**    **Expected Or Intended Injury**

        "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured…

See CGL, Exclusion 2(a.), page 2 of 16.

31.     Any claims for coverage under Section I, Coverage A of the CGL for any alleged "property damage" incurred by Granger are specifically excluded by the "expected or intended injury" exclusion in the CGL as a matter of law.

32.     As a result thereof, All Quality is not entitled to coverage and/or a defense under the CGL in the Policy due to the "expected or intended injury" exclusion for those claims asserted by Granger in the Litigation.

## THIRD CLAIM – CGL Exclusion 2(b.)

33.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

34.     The liability coverage provided by Section I, Coverage A of the CGL in the Policy is subject to the following exclusion:

**SECTION I – COVERAGES**

    **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **2.**    **Exclusions**

    This insurance does not apply to:

        **b.**    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

**(1)**    That the insured would have in the absence of the contract or agreement; or

**(2)**    Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement…

See CGL, Exclusion 2(b.), page 2 of 16.

35.    Any alleged liabilities of All Quality in the Litigation, if proven, arise out of the subcontract agreement, contractual obligations, and/or warranties between Granger and All Quality and, therefore, such alleged liabilities fall within the scope of the "contractual liability" exclusion in the CGL in the Policy.

36.    As a result thereof, All Quality is not entitled to coverage and/or a defense under the CGL due to the "contractual liability" exclusion for those claims asserted by Granger in the Litigation.

## **FOURTH CLAIM – CGL Exclusion 2(j.)**

37.    Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

38.    The liability coverage provided by Section I, Coverage A of the CGL in the Policy is subject to the following exclusion:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**2.    Exclusions**

This insurance does not apply to:

**j.    Damage to Property**

8

"Property damage" to:

.        .        .

**(5)**     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations;

**(6)**     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

.        .        .

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

See CGL, Exclusion 2(j.), page 5 of 16.

39.     The "Definitions" section of the CGL defines "your work" as follows:

**22.**     "Your work":

**a.**     Means:

**(1)**     Work or operations performed by you or on your behalf; and
**(2)**     Materials, parts or equipment furnished in connection with such work or operations.

**b.**     Includes:

**(1)**     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work," and
**(2)**     The providing of or failure to provide warnings or instructions.

See CGL, Definitions, paragraph 22, page 16 of 16.

40.     Any claims of All Quality for coverage under Section I, Coverage A of the CGL for any alleged "property damage" incurred by Granger in the Litigation are specifically excluded by Exclusion 2(j.) in the CGL as a matter of law.

41.     As a result thereof, All Quality is not entitled to coverage and/or a defense under the CGL due to Exclusion 2(j.) for those claims asserted by Granger in the Litigation.

9

## FIFTH CLAIM – CGL Exclusion 2(k.)

42.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

43.     The liability coverage provided by Section I, Coverage A of the CGL in the Policy is subject to the following exclusion:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**2.     Exclusions**

This insurance does not apply to:

**k.     Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

See CGL, Exclusion 2(k.), page 5 of 16.

44.     The "Definitions" section of the CGL defines "your product" as follows:

**21**.     "Your product":

**a.**     Means:

**(1)**     Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)**     You;
**(b)**     Others trading under your name; or
**(c)**     A person or organization whose business or assets you have acquired; and

**(2)**     Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.**     Includes:

**(1)**     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

10

        **(2)**     The providing of or failure to provide warnings or instructions.

.      .      .

See CGL, Definitions, paragraph 21, page 16 of 16.

45.     Any claims of All Quality for coverage under Section I, Coverage A of the CGL for any alleged "property damage" incurred by Granger in the Litigation are specifically excluded by the "your product" exclusion in the CGL as a matter of law.

46.     As a result thereof, All Quality is not entitled to coverage and/or a defense under the CGL due to the "your product" exclusion for those claims asserted by Granger in the Litigation.

### SIXTH CLAIM – CGL Exclusion 2(l.)

47.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

48.     The liability coverage provided by Section I, Coverage A of the CGL in the Policy is subject to the following exclusion:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**2.**    **Exclusions**

This insurance does not apply to:

.      .      .

**l.**    **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your half by a subcontractor.

See CGL, Exclusion 2(l.), page 5 of 16.

49.     Any claims for coverage under Section I, Coverage A of the CGL for any alleged "property damage" incurred by Granger in the Litigation are specifically excluded by the "your work" exclusion in the CGL as a matter of law.

50.     As a result thereof, All Quality is not entitled to coverage and/or a defense under the CGL due to the "your work" exclusion for those claims asserted by Granger in the Litigation.

## EIGHTH CLAIM – CGL Exclusion 2(m.)

51.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

52.     The liability coverage provided by Section I, Coverage A of the CGL in the Policy is subject to the following exclusion:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**2.     Exclusions**

This insurance does not apply to:

.     .     .

**m.     Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work";

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden or accidental physical injury to "your product" or "your work" after it has been put to its intended use.

See CGL, Exclusion 2(m.), page 5 of 16.

53. The "Definitions" section of the CGL defines "impaired property" as follows:

**8.** "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

    **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

See CGL, Definitions, paragraph 8, page 13 of 16.

54. Any claims of All Quality for coverage under Section I, Coverage A of the CGL for any alleged "property damage" incurred by Granger in the Litigation are specifically excluded by the "impaired property" exclusion in the CGL as a matter of law.

55. As a result thereof, All Quality is not entitled to coverage and/or a defense under CGL due to the "impaired property" exclusion for those claims asserted by Granger in the Litigation.

## NINTH CLAIM – CGL/Unjust Enrichment

56. Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

57. In the Second Amended Complaint, Granger has asserted a claim for unjust enrichment against All Quality.

58. Any claim of All Quality for coverage under Section I, Coverage A of the CGL for any alleged "property damage" incurred by Granger in the Litigation related to or arising out of

the claim for unjust enrichment also fails, as a matter of law, for all of the reasons set forth in the First through Eighth Claims in this Complaint for Declaratory Judgment.

59.     As a result thereof, All Quality is not entitled to coverage or a defense under the CGL for all of the reasons previously set forth herein for the unjust enrichment claim asserted by Granger in the Litigation.

## TENTH CLAIM – CGL Lack of Defense

60.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

61.     Due to the lack of any "property damage" and/or any "occurrence" as required by the Policy, and due to the applicability of all of the exclusions set forth above, All Quality is not entitled to a defense under Section I, Coverage A of the CGL for any claims or allegations asserted by Granger in the Litigation.

## ELEVENTH CLAIM – CGL Other Provisions

62.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

63.     There may be other insuring language, definitions and/or exclusions in the CGL which might apply and/or become applicable as discovery progresses, and Motorists hereby reserves the right to assert additional policy provisions which establish the lack of liability coverage for All Quality for those claims asserted by Granger in the Litigation, in addition to those policy provisions specifically addressed herein.

## TWELFTH CLAIM – Umbrella Insuring Agreement

64.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

65.     The Commercial Umbrella Coverage Form, CU 00 01 04 13, provides liability coverage for insureds under certain circumstances but subject to all terms, conditions and applicable exclusions.

66.     The Insuring Agreement in the Umbrella provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A--BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**A.      Insuring Agreement.**

**a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies…However,, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…
**b.** This insurance applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit"…..
**c.** This insurance applies to "bodily injury" and "property damage" only if:
    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and…..

See Umbrella, page 1 of 10.

67.     The "Definitions" section of the Umbrella defines the following words or terms as follows:

**13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

See Umbrella, Definitions, paragraph 13, page 16 of 18.

**18.**     "Property damage" means:

**a.**     Physical injury to tangible property, including all resulting loss of that property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

15

    **b**.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

       .   .   .   .

See Umbrella, Definitions, paragraph 18, page 17 of 18.

    **19**.    "Retained limit" means the available limits of "underlying insurance" scheduled in the Declarations or the "self-insured retention", whichever applies.

See Umbrella, Definitions, paragraph 19, page 17 of 18.

    **23**.    **"**Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgements or any arbitration or other alternative dispute methods entered into with our consent or the 'underlying insurer's' consent.

See Umbrella, Definitions, paragraph 23, page 18 of 18.

    68.    The claims asserted by Granger in the Litigation against All Quality do not arise out of "property damage" caused by an "occurrence," as required by the insuring agreement in the Umbrella for coverage to be afforded.

    69.    In addition, the coverage provided by the Umbrella only applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit" but since there is no coverage or "retained limit" available to All Quality under the CGL, All Quality is not entitled to liability coverage under the Insuring Agreement in the Umbrella.

    70.    As a result thereof, Motorists does not have a legal or contractual obligation, as a matter of law, under the Insuring Agreement in the Umbrella to provide coverage and/or a defense to All Quality for those allegations and claims asserted by Granger in the Litigation.

### **THIRTEENTH CLAIM—Umbrella Exclusion 2(a).**

    71.    Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

72.     The coverage provided by the Umbrella is subject to the following exclusion:

**2.  Exclusions**

This insurance does not apply to:

**a.  Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of force to protect persons or property.

See Umbrella, Exclusion 2(a), page 2 of 18.

73.     Any claims for coverage under Coverage A of the Umbrella for any alleged "property damage" incurred by Granger are specifically excluded by the "expected or intended injury" exclusion in the Umbrella as a matter of law.

74.     As a result thereof, All Quality is not entitled to coverage and/or a defense under the Umbrella due to the "expected or intended injury" exclusion for those claims asserted by Granger in the Litigation.

**FOURTEENTH CLAIM—Umbrella Exclusion 2(b).**

75.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

72.     The coverage provided by the Umbrella is subject to the following exclusion:

**2.  Exclusions**

This insurance does not apply to:

**b.  Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

**(1)**  That the insured would have in the absence of the contract or agreement; or…

17

See Umbrella, Exclusion 2(b), page 2 of 18.

73.     Any alleged liabilities of All Quality in the Litigation, if proven, arise out of the subcontract agreement, contractual obligations, and/or warranties between Granger and All Quality and, therefore, such alleged liabilities fall within the scope of the "contractual liability" exclusion in the Umbrella.

74.     As a result thereof, All Quality is not entitled to coverage and/or a defense under the Umbrella due to the "contractual liability" exclusion for those claims asserted by Granger in the Litigation.

**FIFTEENTH CLAIM – Umbrella Exclusion 2(m.)**

75.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

76.     The coverage provided by the Umbrella is subject to the following exclusion:

**2.      Exclusions.**

This insurance does not apply to:

**m.      Damage to Property**

"Property damage" to:

> **(5)**      That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

> **(6)**      That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

> .      .      .

> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

See Umbrella, Exclusion 2(m), pages 4, 5 of 18.

77.     The "Definitions" section of the Umbrella defines "your work" as:

18

**SECTION V – DEFINITIONS**

**28.**     "Your work":

**a**. Means:

**(1)**     Work or operations performed by you or on your behalf; and

**(2)**     Materials, parts or equipment furnished in connection with such work or operations.

**b.**  Include:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide warnings or instructions.

See Umbrella, Definitions, page 18 of 18.

78.     Any claims for coverage under the Umbrella for any alleged "property damage" incurred by Granger in the Litigation are specifically excluded by Exclusion 2(m) in the Umbrella as a matter of law.

79.     As a result thereof, All Quality is not entitled to coverage and/or a defense under the Umbrella due to Exclusion 2(m) for those claims asserted by Granger in the Litigation.

### SIXTEENTH CLAIM – Umbrella Exclusion 2(n.)

80.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

81.     The coverage provided by the Umbrella is subject to the following exclusion:

**2.**     **Exclusions.**

This insurance does not apply to:

**n.  Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

See Umbrella, Exclusion 2(n), page 3 of 10.

19

82.     The "Definitions" section of the Umbrella defines "your product" as follows:

**SECTION V – DEFINITIONS**

**21.**     "Your product":

**a**.     Means:

**(1)**     Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    **a.**     You;

    **b.**     Others trading under your name; or

    **c.**     A person or organization whose business or assets you have acquired; and

.     .     .

**b.**     Includes:

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)** The providing of or failure to provide warnings or instructions.

.     .     .     .     .

See Umbrella, Definitions, paragraph 21, page 16 of 16.

83.     Any claims of All Quality for coverage under the Umbrella for any alleged "property damage" incurred by Granger in the Litigation are specifically excluded by the "your product" exclusion in the Umbrella as a matter of law.

84.     As a result thereof, All Quality is not entitled to coverage and/or a defense under the Umbrella due to the "your product" exclusion for those claims asserted by Granger in the Litigation.

## SEVENTEENTH CLAIM – Umbrella Exclusion 2(o.)

85.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

86.     The coverage provided by the Umbrella is subject to the following exclusion:

**B.     Exclusions.**

This insurance does not apply to:

**o.  Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf of a subcontractor.

See Umbrella, Exclusion 2(o), page 5 of 18.

87.     The definition of "your work" in the Umbrella is set forth above.

88.     Any claims of All Quality for coverage under the Umbrella for any alleged "property damage" incurred by Granger in the Litigation are specifically excluded by the "your work" exclusion in the Umbrella.

89.     As a result thereof, All Quality is not entitled to coverage and/or a defense under the Umbrella due to the "your work" exclusion for those claims asserted by Granger in the Litigation.

### EIGHTEENTH CLAIM – Umbrella Exclusion 2(p.)

90.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

91.     The coverage provided by the Umbrella is subject to the following exclusion:

**B.     Exclusions.**

This insurance does not apply to:

**p.  Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

See Umbrella, Exclusion 2(p), page 5 of 18.

92.     The "Definitions" section of the Umbrella defines "impaired property" as follows:

**SECTION VI – DEFINITIONS**

**8.**     "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.     It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.     You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work", or your fulfilling the terms of the contract or agreement.

See Umbrella, Definitions, paragraph 8, page 15 of 18.

93.     Any claims for coverage under the Umbrella for any alleged "property damage" incurred by Granger in the Litigation are specifically excluded by the "impaired property" exclusion in the Umbrella.

94.     As a result thereof, All Quality is not entitled to coverage and/or a defense under the Umbrella due to the "impaired property" exclusion for those claims asserted by Granger in the Litigation.

**NINETEENTH CLAIM – Umbrella/Unjust Enrichment**

95.    Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

96.    In the Second Amended Complaint, Granger has asserted a claim for unjust enrichment against All Quality.

97.    Any claim of All Quality for coverage under the Umbrella for any alleged "property damage" incurred by Granger in the Litigation related to or arising out of the claim for unjust enrichment also fails, as a matter of law, for all of the reasons set forth in the First through Eighteenth Claims in this Complaint for Declaratory Judgment.

98.    As a result thereof, All Quality is not entitled to coverage or a defense under the Umbrella for all of the reasons previously set forth herein for the unjust enrichment claim asserted by Granger in the Litigation.

**TWENTIETH CLAIM – Umbrella Lack of Defense**

99.    Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

100.    Due to the lack of any "property damage" and/or any "occurrence" as required by the Policies, and due to the applicability of all of the exclusions set forth above, All Quality is not entitled to a defense under the Umbrella for any claims asserted by Granger in the Litigation.

**TWENTY-FIRST CLAIM – Umbrella Other Provisions**

101.    Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

102.    There may be other insuring language, definitions and/or exclusions in the Umbrella which might apply and/or become applicable as discovery progresses, and Motorists

23

hereby reserves the right to assert additional policy provisions in the Umbrella which establish a lack of liability coverage for All Quality for those claims asserted in the Litigation, in addition to those policy provisions specifically addressed herein.

<b><u>TWENTY-SECOND CLAIM—Recoupment/Restitution of Defense Costs</u></b>

103.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

104.     After the filing of the Second Amended Complaint, All Quality reiterated its request for a defense from Motorists based on some new allegations, and Motorists has provided, and continues to provide, a defense to All Quality in the Litigation subject to a reservation of rights.

105.     In the event that the Court determines that All Quality is not entitled to coverage under the Policy for the claims asserted in the Second Amended Complaint, then Motorists is entitled to recoupment and/or restitution from All Quality of all amounts incurred, including attorney fees and litigation expenses, by Motorists in the defense of All Quality in the Litigation subject to its reservation of rights.

<b><u>TWENTY-THIRD CLAIM – Interested Parties</u></b>

106.     Motorists re-avers and re-asserts each and every paragraph previously set forth in this Complaint for Declaratory Judgment as if set forth in full herein.

107.     Motorists has filed this declaratory judgment action in order to obtain a ruling by the Court that All Quality is not entitled to liability coverage and/or a defense under the Policy or the Umbrella for those claims set forth and alleged by Granger in the Litigation.

108.     As Motorists takes the position that there is no coverage for the claims set forth and alleged by Granger against All Quality in the Litigation, Granger and Harco may have an interest

24

in this coverage litigation and have, therefore, been joined as interested parties as permitted and required by Ohio law.

**WHEREFORE**, Plaintiff Motorists Commercial Mutual Insurance Company respectfully requests this Court to enter declaratory judgment in its favor and against Defendants All Quality, Granger, and Harco as follows:

1.      That the damages sought by Granger in the Litigation do not meet the definition of "property damage" as defined throughout the Policy and the Umbrella and, therefore, All Quality is not entitled to coverage and/or a defense under the Policy or the Umbrella as a matter of law;

2.      That the damages alleged by Granger in the Litigation were not caused by an "occurrence" as defined throughout the Policy and the Umbrella and that, as a result thereof, All Quality is not entitled to coverage and/or a defense under any portion of the Policy or the Umbrella as a matter of law;

3.      That the claims and/or damages alleged by Granger fall within the multiple exclusions contained within the Policy and the Umbrella as outlined in this Complaint for Declaratory Judgment, and Motorists does not, therefore, have any legal or contractual obligation to provide coverage and/or a defense to All Quality under any portion of the Policy or the Umbrella for those claims asserted by Granger in the Litigation;

4.      That due to the lack of coverage as set forth herein, Motorists does not have any legal or contractual obligation to defend or to continue to defend All Quality in the Litigation or in any other lawsuits and/or arbitration proceedings related to or arising out of the same matters alleged in the Second Amended Complaint in the Litigation;

5.      That in the event the Court determines a lack of coverage for All Quality for the claims asserted in the Litigation, that Motorists be entitled to judgment on its claim for

recoupment/restitution against All Quality in the amount of the defense costs, including attorney fees, incurred by Motorists in the defense of All Quality in the Litigation; and

6.      That Motorists be awarded any further relief that the Court deems appropriate.


Respectfully submitted,

 _/s/  Merle D. Evans, III_

Merle D. Evans, III (#0019230)
Milligan Pusateri Co., LPA
P.O. Box 35459, 4684 Douglas Circle N.W.
Canton, Ohio 44735
Phone: (330) 526-0770
Fax: (330) 409-0249
Email:  **_mevans@milliganpusateri.com_**
Counsel for Plaintiff
Motorists  Commercial  Mutual  Insurance
Company